**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Jeffrey K., Petitioner Below,**
**Petitioner**

**FILED**

June 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0749** (Taylor County 10-C-74)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

*Pro se* Petitioner Jeffrey K. appeals the May 30, 2012 order of the Circuit Court of Taylor County denying his petition for writ of habeas corpus.[1] Respondent Ballard, by counsel Laura Young, has filed a response, to which petitioner has filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

During the September 1991 term, petitioner was indicted on three counts of first degree sexual assault and three counts of sexual abuse by a parent, guardian, or custodian by a Taylor County Grand Jury. These charges stemmed from incidents in which petitioner committed sex acts upon K.T., the seven-year-old daughter of his live-in girlfriend, S.C. The crimes came to light after K.T. was diagnosed with a severe case of genital herpes. After K.T. identified petitioner as her attacker, petitioner admitted to multiple people, including S.C. and a DHHR worker, that he was responsible for transmitting the disease and had molested the child on three occasions. Following a jury trial, petitioner was convicted on all counts. The circuit court thereafter sentenced petitioner to a cumulative term of incarceration of 40 to 100 years for his convictions. Petitioner appealed these convictions and the Court refused the same in 1993.

In March of 1995, petitioner, *pro se*, filed his first petition for writ of habeas corpus in the circuit court. That petition was summarily denied the same month, and petitioner appealed the denial to this Court. By order entered in December of 1995, the Court refused petitioner's appeal. In February of 1996, petitioner, *pro se*, filed his second petition for writ of habeas corpus in the circuit court. Petitioner raised two grounds for relief in this second petition, and the circuit court found that his claim regarding his sentences being violative of the ex post facto clause had merit.

---

[1] Pursuant to this Court's policy of protecting the identities of minors and the victims of sexual crimes, petitioner will be referred to by his last initial throughout the memorandum decision, while the victim and her mother will be referred to by their initials only.

1

The matter was set for a hearing for purposes of resentencing and the rest of the matter was stricken from the circuit court's docket. Following the hearing, petitioner was granted a reduction of sentence such that his total cumulative term of incarceration was lessened to forty to seventy years. Petitioner thereafter filed, *pro se*, in the circuit court an "Appeal For A Writ Of Habeas Corpus Ad Subjiciendum" in July of 1997. According to the circuit court below, this was essentially a third petition for writ of habeas corpus. That petition was also denied.

On August 20, 2010, petitioner filed a *pro se* petition for writ of habeas corpus in the circuit court. Thereafter, the circuit court appointed counsel for petitioner and an amended petition for writ of habeas corpus was filed in 2011. On February 3, 2012, the circuit court conducted a full evidentiary hearing in regard to the petition, after which it denied petitioner habeas relief. It is from this denial that petitioner appeals.

On appeal, petitioner alleges four assignments of error. On review, it appears that petitioner is merely re-alleging several of the grounds for relief alleged in the petition for writ of habeas corpus filed with the circuit court, including the following: ineffective assistance of counsel; error by the circuit court in refusing to provide specific jury instructions; coerced confession; and prosecutorial misconduct. As such, the Court finds that petitioner's assignment of error is more appropriately stated as an error by the circuit court in denying the petition for writ of habeas corpus. Petitioner argues that the circuit court failed to make appropriate findings of fact regarding certain allegations from his petition and that a *de novo* review is, therefore, appropriate. Further, petitioner alleges that the circuit court's rulings in regard to these issues are clearly erroneous.

This Court has previously held that

> [i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying the petition for writ of habeas corpus. As set forth by the circuit court below, petitioner's grounds for habeas relief have previously been presented to both the circuit court and this Court. Having reviewed the circuit court's "Final Order Denying Jeffrey [K.]'s Petition For Writ Of Habeas Corpus Ad Subjiciendum" entered on May 30, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision. Additionally, the record shows that on June 5, 2012, the circuit court entered its "Order Granting Counsel For Jeffrey [K.]'s Motion To Amend Final Order; Amending The Final Order Denying Jeffrey [K.]'s Petition For Writ Of Habeas Corpus Ad Subjiciendum," wherein the circuit court made amendments to the prior order. As such, we also adopt these findings as to the assignments of error raised herein, and the Clerk is directed to attach a copy of this order to the

memorandum decision as well.

For the foregoing reasons, we find no error in the decision of the circuit court and its May 30, 2012 order denying the petition for writ of habeas corpus is affirmed.

Affirmed.

**ISSUED:**  June 10, 2013


**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

12-0749

**IN THE CIRCUIT COURT OF TAYLOR COUNTY, WEST VIRGINIA**

STATE OF WEST VIRGINIA ex rel,
JEFFREY        K            .,

            Petitioner,

v.                                              CIVIL ACTION NO. 10-C-74
                                                (Underlying Felony Indictment Nos.
                                                 91-F-55, 91-F-56, 91-F-57, 91-F-58,
                                                 91-F-59 and 91-F-60)
                                                THOMAS H. KEADLE, Special Judge

DAVID BALLARD, Warden
Mount Olive Correctional Complex,                **ENTERED OF RECORD**

            Respondent.                          **JUN 0 5 2012**
                                                 _Criminal_ ORDER BOOK
                                                 NO. _41_ PAGE _558/61_

**ORDER GRANTING COUNSEL FOR JEFFREY        K           'S MOTION TO
AMEND FINAL ORDER; AMENDING THE _FINAL ORDER DENYING JEFFREY_
K.            _'S PETITION FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM_**

On June 1, 2012, Allison C. Iapalucci, Esq., counsel for the Petitioner Jeffrey

K           , filed a _Motion To Amend Final Order_.  Said Motion requests this Court

to consider amending its _Final Order Denying Jeffrey        K           's Petition For Writ_

_Of Habeas Corpus Ad Subjiciendum_ entered herein on May 31, 2012.

Upon full review and deliberate consideration of the pending Motion, the

Omnibus Hearing transcript for the proceedings held March 30, 2012, filed herein, the

_Proposed Findings of Fact_ filed herein by Petitioner's counsel pursuant to this Court's

invitation extended, at the close of such hearing, to each side to file proposed Finds of

Facts and Conclusions of Law prior to its ruling, and its _Final Order_ entered herein; this

Court concludes that the pending Motion should be **GRANTED.**

## Findings and Conclusions

1. Findings of Fact Item No. 9(b) in this Court's *Final Order Denying Jeffrey K_____'s Petitioner For Writ Of Habeas Corpus Ad Subjiciendum* previously entered herein on May 31, 2012, states that:

> 9. *Counsel for Petitioner proffered unto this Court, during the evidentiary Omnibus Hearing, as reflected in the transcript, that: ...*
> *(b) Counsel for Petitioner in the original criminal proceedings, Robert C. Gorey, Jr., Esquire, had been extensively interviewed by her as Part of her investigation in this matter yet is also now deceased and thereby unavailable to be called as a witness herein.*

2. Such finding is inaccurate in that Mr. Gorey was and is not deceased.

3. The Omnibus Hearing transcript reflects that counsel for the Petitioner proffered to this Court in pertinent part as to this Motion, to-wit: (a) "...[t]wo of the parties that I think probably would have been most helpful in this case are deceased, one being Judge Waters, the other being Mr. Farris [sic]. The remaining parties are former Prosecutor Moats, now Judge Moats and Mr. Gorey, his previous counsel. Upon interviewing both of them extensively..." [1]; and (b) "...[I] had actually spoken to Mr. Farris [sic], I told him I needed to talk to him about this matter, and unfortunately, was not able to do so prior to his passing. ...". [2]

4. The Omnibus Hearing transcript also reflects that counsel for the Respondent proffered to this Court in pertinent part to Mr. Ferris being deceased, to-wit: "Like defense counsel, I attempted to speak to Mr. Farris [sic]. Unfortunately, he passed before we could sit down and even talk about it." [3]

---

[1] See Omnibus Hearing transcript at Page 6.

[2] See Omnibus Hearing transcript at Page 9.

[3] See Omnibus Hearing transcript at Page 18.

5. This Court's *Final Order* Findings of Fact inadvertently omitted a finding originally contained in a draft thereof as to the availability for these Habeas proceedings of Howard Ferris, Esquire, counsel for the Petitioner below on perfecting his appeal to the West Virginia Supreme Court of Appeals.

6. This Court concludes that, based upon the foregoing, such Finding of Fact Item No. 9(b) should be amended to more accurately reflect the record and the additional findings made herein.

### Ruling

Therefore, this Court hereby **ORDERS** that the pending Motion is **GRANTED**.

Wherefore, upon such Motion being granted, this Court **ORDERS** that its *Final Order Denying Jeffrey     . K       s Petitioner For Writ Of Habeas Corpus Ad Subjiciendum* previously entered herein on May 31, 2012, be **AMENDED** as follows, to-wit:

1. "Findings of Fact" Subsection (b) of Item No. 9 shall now read,

(b) Counsel for the Petitioner in the original criminal proceedings, Robert C. Gorey, Jr., Esquire, has been extensively interviewed by her as part of her investigation in this matter. Counsel for the Petitioner in perfecting an appeal to the West Virginia Supreme Court of Appeal, Howard Ferris, Esquire, had been approached and spoken to by her about this Habeas proceeding. However, Mr. Ferris passed away prior to her having an opportunity to further meet with him as part of her investigation in this matter. Now deceased, Mr. Ferris was thereby unavailable to be called as a witness herein.

Additionally, this Court still further **ORDERS** that the services provided by Allison C. Iapalucci, Esq., as appointed counsel for the Petitioner Jeffrey K in representing his interests before it in this Habeas proceeding, are deemed to be completed and shall cease upon the entry of this Order.

Unless further modified or amended by proper motion filed and subsequent Order entered herein, this Court **ORDERS** that the *Final Order Denying Jeffrey K 's Petition For Writ Of Habeas Corpus Ad Subjiciendum* entered herein on May 31, 2012, in all other respects and the rulings contained therein shall remain in full force and effect.

**IT IS SO ORDERED** as a **FINAL JUDGMENT** thereon.

Accordingly, it is **ORDERED** that the Clerk of this Court shall remove this matter from the docket and deliver or otherwise provide certified copies of this Order, by first class mail or other means, to the following:

Allison C. Iapalucci, Esquire
Mountaineer Legal Services, PLLC
241 West Main Street
Post Office Box 654
Grafton, WV 26354
*Counsel for Petitioner/Defendant*

John L. Bord, Prosecuting Attorney
Taylor County, West Virginia
Taylor County Courthouse
214 West Main Street
Grafton, WV 26354
*Counsel for Respondent*

Jeffrey K #18704
Mount Olive Correctional Complex
1 Mountainside Way
Mount Olive, WV 28185
*Petitioner/Defendant*

ENTERED this _5th_ day of June, 2012.

A TRUE COPY FROM THE RECORD

ATTEST:__VONDA M. RENEMAN__
CLERK OF THE CIRCUIT COURT OF TAYLOR
COUNTY, WEST VIRGINIA

BY:

THOMAS H. KEADLE, Chief Judge
Twenty-Sixth Judicial Circuit

Page 4 of 4

12-0749

**IN THE CIRCUIT COURT OF TAYLOR COUNTY, WEST VIRGINIA**

ENTERED OF RECORD

MAY 3 0 2012

_Civil_____ ORDER BOOK
NO. __41____ PAGE 500/30

STATE OF WEST VIRGINIA ex rel,
JEFFREY        K

                    Petitioner,

v.

                                    CIVIL ACTION NO. 10-C-74
                                    (Underlying Felony Indictment Nos.
                                     91-F-55, 91-F-56, 91-F-57, 91-F-58,
                                     91-F-59 and 91-F-60)
                                    THOMAS H. KEADLE, Special Judge [1]

. DAVID BALLARD, Warden
Mount Olive Correctional Complex,

                    Respondent.

**FINAL ORDER DENYING JEFFREY        KI        'S**
**_PETITION FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM_**

Procedural History for Present Habeas Corpus Petition

On August 20, 2010, the Petitioner Jeffrey        K        (hereinafter referred to

as "Petitioner") filed with this Court a _Petition For Writ of Habeas Corpus Ad_

_Subjiciendum_ (hereinafter referred to as "Petition") as an incarcerated person seeking

post-conviction habeas corpus relief pursuant to W. Va. Code § 53-4A-1, et seq. [2]

---

[1] By _Administrative Order_ of the _Supreme Court Of Appeals Of West Virginia_, entered April 1, 2004, in
Administrative Order Book No. 2 at Page 17, The Honorable Thomas H. Keadle, Judge, Twenty-Sixth
Judicial Circuit, was temporarily assigned to the Nineteenth Judicial Circuit under the provisions of
Article VIII, Section 3, of the Constitution of West Virginia, to preside in further proceedings of State of
West Virginia vs. Jeffrey   K        Following such assignment, this Court received a pro se
_Motion for Reconsideration and/or Reduction of Sentence_ from Mr. K        which was denied and
overruled by Order entered on April 7, 2004.  Subsequently, this Court received another pro se _Motion to
Modify Sentence_ from Mr. K        which was likewise denied and overruled by Order entered on
October 25, 2006.

[2] Such pro se Petition is voluminous in its entirety with "Assignment of Errors" alone comprising One
Hundred Sixty-Nine (169) page to go along with additional Cover Page, Table of Contents, Table of
Authorities, Statutes Referenced, Parties, Introduction and Included Procedural History, Notice From
Petitioner, Statement of Facts, and Verification.

Page 1 of 29

After conducting the appropriate review and evaluation of such Petition pursuant to the *Rules Governing Post-Conviction Habeas Corpus Proceedings In West Virginia*, this Court entered an *Order* on September 20, 2010, filing such Petition and setting this matter for further proceedings to be heard.

The Petitioner filed various *pro se* Motions with this Court on October 14, 2010, which were ruled upon by this Court as reflected in its *Order*, entered on October 20, 2010, to-wit:

1. *Motion For Bail* was denied.

2. *Motion For Leave To File Additional Motions* was not ruled upon as this Court informed him that he had the right to file any additional motions that the Petitioner deemed appropriate.

3. *Motion For Leave To Have Character Witnesses Called* was likewise not ruled upon as this Court informed the Petitioner that he could subpoena any witnesses he desired.

4. *Motion For Expansion Of The Record* as follows;

    A. for Statement No. 1 was granted.

    B. for Police Report taken by WV State Trooper Miller was granted.

    C. for the Booking Report of the Taylor County Jail on July 19, 1991, of the Petitioner was granted, if available.

    D. for Magistrate Duckworth's Report of July 19, 1991, was granted, if available.

    E. for The Entire Trial Transcripts [sic] of October 25, 1991, was granted.

    F. for Copies of all jury instructions submitted by Prosecutor Moats and Robert Gorey was granted.

G. for Pre-Sentence Report was denied, but may be reviewed by him, if available, at the hearing. [3]

H. for The Sentencing Transcripts [sic] of April 25, 1992, was granted.

On November 8, 2010, an *Answer Of Respondent* was filed by the Respondent David Ballard, Warden, by and through his counsel, John L. Bord, Prosecuting Attorney for Taylor County, West Virginia, denying all allegations and errors as presented in the Petition.

On November 12, 2010, a fully completed *Checklist Of Grounds Asserted Or Waived In Post-Conviction Habeas Corpus Proceeding* was executed by the Petitioner and filed with this Court. This *pro se* filing by the Petitioner initially identified twenty-five (25) grounds for relief asserted by him, to-wit: *Statute under which conviction obtained unconstitutional; Involuntary guilty plea; Denial of counsel; Consecutive sentences for same transaction; Coerced confessions; Suppression of helpful evidence by prosecutor; Unfulfilled plea bargains; Information in pre-sentence report erroneous; Ineffective assistance of counsel; Double jeopardy; Irregularities in arrest; Failure to provide copy of indictment to Defendant; Defects in indictment; Pre-indictment delay; Refusal to subpoena witnesses; Lack of full public hearing; Constitutional errors in evidentiary rulings; Instructions to the jury; Claims of prejudicial statements by Judge; Claims of prejudicial statements by Prosecutor; Sufficiency of evidence; Improper communications between prosecutor or witnesses and jury; Severer sentence than expected; Excessive sentence;* and *Mistaken advice of counsel as to parole or probation eligibility.*

---

[3] The Petitioner made no such request at the Omnibus Hearing.

By this Court's *Order*, entered December 8, 2010, Allison lapalucci, Esq., was appointed as counsel to represent the Petitioner in this matter and she was further instructed to notify this Court, after having ample time to review the record and investigate this matter, so that a date for hearing could be set convenient to all parties.

On October 17, 2011, an *Amended Checklist Of Grounds For Post Conviction Habeas Corpus Relief* (hereinafter referred to as "Amended Losh Checklist"), was filed with this Court, such Checklist being dated August 23, 2011, and signed by the Petitioner.

On October 19, 2011, a *Petition For A Writ Of Habeas Corpus Ad Subjiciendum And Memorandum Of Law* (hereinafter referred to as "Petition/Memo") was filed with this Court, by counsel for the Petitioner.

On January 9, 2012, an *Answer Of Respondent To Petitioner's Petition For Writ Of Habeas Corpus Ad Subjiciendum* was filed on behalf of the Respondent, by counsel, in answer to Petitioner's filing of October 19, 2011.

On February 3, 2012, this matter came on for a full evidentiary Omnibus Hearing pursuant to an Order of this Court. Due to an unintentional oversight, Petitioner was not transported for that hearing. Whereupon, such hearing was generally continued until March 30, 2012, at 9:30 a.m. by this Court's *Order Following Hearing And Continuing Hearing* entered on February 6, 2012.

On March 30, 2012, came the Petitioner, in person and by and through his counsel. Came also the Respondent, David Ballard, Warden, Mt. Olive Correctional Center, by and through counsel, for a full evidentiary Omnibus Hearing on Petitioner's *Petition For A Writ Of Habeas Corpus Ad Subjiciendum And Memorandum Of Law.*

<u>Omnibus Hearing</u>

Whereupon, this Court proceeded to review the Amended Losh Checklist [4] heretofore completed by the Petitioner, filed with this Court and made a part of the record herein.

Thereupon, counsel for the Petitioner represented unto this Court that there would not be any witnesses called on his behalf due to several factors so stated and that the trial transcript would be the most probative and helpful piece of evidence for it to consider along with Petitioner's testimony to be given at the present hearing.

Thereupon, counsel for the Petitioner proceeded to address this Court with her opening statement in an effort to proffer a few of the arguments present in her Petition/Memo. Thereupon, counsel for the Respondent proceeded to address this Court with his opening statement. Thereupon, the Petitioner testified in support of his Petition for a Writ of Habeas Corpus. [5] Thereupon, counsel for the Respondent conducted a cross-examination of the Petitioner. Thereupon, counsel for the Petitioner had no further redirect examination of him and, again, informed this Court that no witnesses were to be called on his behalf. Thereupon, counsel for the Respondent informed this Court that no witnesses would be called. Thereupon, counsel for both parties proceeded to address this Court with their respective summations. There was no rebuttal summation by Petitioner's counsel.

---

[4] *Losh vs. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981) ~ Checklist for Grounds for Post-Conviction Habeas Corpus Relief

[5] Having completed his direct examination but, prior to the Petitioner being cross-examined, this Court realized that he had yet to be sworn to so testify. Having the Petitioner then sworn by the Circuit Clerk, this Court questioned him as to his prior testimony's accuracy and truthfulness which he affirmed. (See Official Omnibus Hearing transcript at pages 25 and 26.)

Whereupon, after discussion on the record with counsel for both parties, this Court invited both to file proposed Findings of Facts and Conclusions of Law and advised counsel for the Petitioner to file such within thirty (30) days and counsel for the Respondent to file such within forty-five (45) days respectively of the Omnibus Hearing. Thereupon, this matter was taken under advisement by this Court and such hearing was adjourned.

## Post Omnibus Hearing Procedural History

Whereupon, this Court was specifically provided, by the Circuit Clerk of Taylor County, West Virginia, via United States Postal Service mailing received on April 2, 2012, copies of the following certified transcripts of the listed proceedings heretofore had in this matter, to-wit:

(a)     The filed "*Transcript of the testimony of Rebecca Thayer during Grand Jury proceedings in...State of West Virginia Vs. Jeffery* [sic]    *' K*    , *Defendant, Indictment No. 91-F-55, 56, 57, 58, 59 and 60...September 9, 1991, Taylor County Courthouse, Grafton, West Virginia*".

(b)     The file transcript of "*Proceedings had and testimony taken in the arraignment, plea and trial of...State of West Virginia Versus Jeffrey    ' K*    .*, Defendant, Felony Indictment No. 91-F-55/60...before the Honorable John L. Waters, Judge, and a jury, on September 11, 1991, September 23, 1991, and October 25, 1991, Taylor County Courthouse, Grafton, West Virginia*".

(c)     The filed transcript of "*Proceedings had before Honorable John L. Waters, Judge, on September 11, 1996, Taylor County Courthouse, Grafton, West Virginia,*

styled as *Jeffrey    K*    , *Petitioner, Vs. Paul Kirby, Respondent, Case No. 96-C-5*". [6]

Whereupon, an Omnibus Hearing transcript for the proceedings held March 30, 2012, was filed herein and provided to the parties' counsel along with this Court, having received a copy on April 4, 2012. Such hearing recordation and transcription were taken and prepared by Jeannie L. Hyre, Official Court Reporter for the Twenty-Sixth Judicial Circuit, State of West Virginia.

Whereupon, by mail bearing postmark April 30, 2012, counsel for the Petitioner tendered her *Proposed Findings of Fact* which was received by this Court on May 1, 2012.

Whereupon, counsel for the Petitioner further filed a *Motion For Concurrent Sentences*, on May 10, 2012, pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedures for reconsideration of sentence. [7]

Whereupon, Counsel for the Respondent tendered, by mail bearing postmark May 14, 2012, his *Proposed Findings of Fact* which was received by this Court on May 15, 2012.

Whereupon, Petitioner filed his own *pro se Proposed Findings Of Fact & Conclusions Of Law*, on May 15, 2012, including a cover letter to this Court, dated May 14, 2012.

---

[6] "*This is the case of Jeffrey    ! K    versus Paul Kirby, Warden, 96-C-5. Comes on as a result of a Writ of Habeas Corpus -- Petition for Writ of Habeas Corpus filed previously in this Court. That the Court addressed that writ granting certain relief prayed for therein and denying other relief, and setting this matter down for re-sentencing in the case of State of West Virginia versus Jeffrey    K    · all as reflected by an order of this Court entered on the 26th day of July of 1996*". (See Official Court Transcript at page 2.)

[7] This Motion is being addressed and ruled upon by separate Order of this Court.

Whereupon, on May 15, 2012, this Court conducted a complete and thorough review of all related Court files that are a matter of record in the Clerk's Office for the Circuit Court of Taylor County, to-wit:

1. State of West Virginia v. Jeffrey    K        , Felony Indictment Numbers 91-F-55, 56, 57, 58, 59, and 60; [8]

2. Jeffrey    K        v. Paul Kirby, Warden; *Petition For A Writ Of Habeas Corpus Ad Subjiciendum*; Case No. 95-C-16; submitted on March 16, 1995, and filed *pro se* on March 20, 1995; [9]

---

[8] Petitioner's original convictions and sentencing were timely appealed. Petitioner filed his *pro se Notice Of Intent To Appeal* on May, 13, 1992, and counsel for Petitioner also filed his *Notice Of Intent To Appeal* on May 20, 1992 alleging four grounds violative of his constitutional rights and in contravention of state laws, to-wit: (1) The Court erred in denying the defendant's Motion for a New Trial; (2) The verdict is contrary to the evidence and not supported by substantial evidence; (3) The denial of the defendant's Motion to Suppress the Statement of Jeffry    K        , and subsequent conviction, is contrary to the Miranda Doctrine, and so is contrary to the laws of the State of West Virginia under the Constitution; and (4) The statement obtained from Jeffrey    K        by Rebecca Thayer, who was acting in her official capacity as an agent of the West Virginia Department of Human services, also in liason with the Prosecuting Attorney of Taylor County, West Virginia, by phone, did violate Mr. K        of his "Miranda" rights, prior to conducting her interview. Subsequent to these notice filings, Petitioner filed his *pro se Motion For Dismissal Of Current Counsel* in both typewritten and handwritten form on June 7, 1992, and June 8, 1992, respectively. Then counsel for Jeffrey    K        , Robert C. Gorey, Jr., Esq., filed a *Motion To Withdraw And Order Substituting Counsel* on June 7, 1992, which that Court entered on June 8, 1992, allowing Mr. Gorey to withdraw as counsel for Mr. K        and appointing Howard M. Ferris, Esq., to represent Mr. K        on his appeal. Thereupon, substituted counsel for Mr. K        filed his *Petition For Appeal* in the Supreme Court of Appeals of West Virginia, bearing style Jeffrey    K        , Petitioner, vs. State Of West Virginia and John L. Waters, Judge of the Circuit Court of Taylor County, Respondent, a copy of which was filed in the Circuit Court of Taylor County on September 5, 1992, wherein two (2) Assignments of Error were proffered, to-wit: "a) The Petitioner was denied effective assistance of counsel in that counsel, after advising the Petitioner not to accept a plea agreement, presented no defense"; and "b) The Court erred in admitting into evidence the tape recorded statement of the Petitioner's taken by the arresting officer." His *Petition For Appeal* was refused for hearing by the Supreme Court of Appeals of West Virginia on September 10, 1992.

[9] This was Petitioner's first application for relief using the *Post-Conviction Habeas Corpus Act* wherein he alleged four grounds for relief (aka "assignments of error") from the conviction and/or sentence received, to-wit: (1) Conviction obtained by a violation of the privilege against self-incrimination and by a use of a coerced confession; (2) Double jeopardy; (3) Ineffective Assistance of counsel & prosecutorial misconduct; and (4) Judicial error in jury instruction. By *Order Denying Habaes* [sic] *Corpus And For Evidentiary Hearing*, entered on March 21, 1995, the Honorable John L. Waters, Judge of the Nineteenth Judicial Circuit, State of West Virginia was satisfied upon full review of the record that Mr. K        was entitled to no relief and that the requested writ of habeas corpus should be and was thereby denied. Petitioner filed his *Notice Of Intent To Appeal* on March 31, 1995; filed a written motion for an extension of time within which to apply for an appeal on May 4, 1995, with the Supreme Court of Appeals to file an application for an appeal; was granted an extension on May 15, 1995, until the 21st day of September, 1995; and filed his Petition for Appeal on September 22, 1995. By the Supreme Court of Appeals

3.     Jeffrey     K       v. Paul Kirby, Warden; *Petition For A Writ Of Habeas Corpus Ad Subjiciendum*; Case No. 96-C-5; filed *pro se* on February 8, 1996; [10] and

4.     Jeffrey     K       v. David Ballard, Warden; Case No. 10-C-74, this present action.

Upon consideration of all the evidence presented by the parties and further contained in the record in the underlying criminal matters captioned <u>State of West Virginia vs. Jeffrey    K</u>    , Felony Case Numbers 91-F-55, 91-F-56, 91-F-57, 91-F-58, 91-F-59 and 91-F-60, in the Circuit Court of Taylor County, West Virginia, including a detailed review of all transcripts, prior proceedings, prior post-conviction proceedings upon appeal and/or habeas corpus relief, the arguments and submissions

---

Opinion, No. 951796, entered in that matter on December 6, 1995, said Petition for Appeal was refused thereby upholding the judgment of the Circuit Court of Taylor County, rendered on the 21st day of March, 1995.

[10] This was Petitioner's second application for Post-Conviction Habeas Corpus relief wherein he alleged two (2) questions presented, to-wit: 1. *Did Petitioner's sentences violate the ex post facto clause?* and 2. *Did the court error* [sic] *by not instructing on the essential element of lack of consent?* By Order entered on July 26, 1996, the Honorable John L. Waters found that Petitioner's argument relative to sentence had merit, that Petitioner's argument relative to lack of consent instruction was without merit, set the matter for hearing for the purpose of re-sentencing and struck the rest from the docket of the Court. By *Order* entered on September 16, 1996, Petitioner was correctly re-sentenced. Petitioner filed his *Notice Of Intent To Appeal* on September 18, 1996. Petitioner filed his *Appeal For A Writ Of Habeas Corpus Ad Subjiciendum*, on July 16, 1997, <u>(in essense, a third Habeas Corpus Petition by Mr. K</u>   <u>relating to his original conviction and sentencing)</u> wherein he alleged four (4) questions presented as grounds for relief, to-wit: 1. *Did the Court error* [sic] *by not instructing the jury on the essential element of lack of concent?* 2. *Did the Court error* [sic] *by not assigning the petitioner counsel prior to his hearing?* 3. *Did the Court error* [sic] *by allowing the petitioner to be represented by counsel that was formerly excused from the petitioner's case by the court?* and 4. *Did the Court error* [sic] *by not restructuring the petitioner's sentences in order to allow him an opportunity for parole prior to discharging the sentences?* and three (3) assignments of error as grounds for relief, to-wit: 1. Judicial error in jury instruction; 2. Judicial Error in appointment of counsel; and 3. Judicial error in resentencing petitioner. By *Order* entered July 31, 1997, the Honorable John L. Waters found that all matters raised therein had previously been addressed by the Court, the relief requested by the Petitioner should be and was denied and that action was <u>dismissed with prejudice</u> and stricken from the docket of this Court. (Emphasis added by this Court) Petitioner filed an *Objection* to such Order on August 7, 1997. The Court, by *Order* entered on August 12, 1997, addressed Mr. K    's issues again raised in his written Objection filed with the Court, found it to be without merit, denied the requested relief and <u>dismissed with prejudice</u> this action as well as stricken from the docket of this Court.

of counsel and the pertinent legal authority, this Court concludes that the Petitioner is NOT entitled to a Writ of Habeas Corpus and that his Petition, therefore, should be **DENIED**.

### Findings of Fact

1.      The Petitioner is an inmate in Mount Olive Correctional Complex – West Virginia Division of Corrections, having been originally convicted, upon a Jury Trial commenced and upon guilty verdict returned on October 25, 1991, and initially sentenced on April 24, 1992, on and to the following:

(a) First Degree Sexual Assault, WV Code §61-8B-3, as charged Count One of the Indictment in Criminal Case No. 91-F-55 — a term of not less than Fifteen (15) nor more than Thirty-five (35) years.

(b) Sexual Abuse of a Child by a Custodian, WV Code §61-8D-5, as charged in Count Two of the Indictment in Criminal Case No. 09-F-56 — a term of not less than Five (5) years nor more than Fifteen (15) years to be served consecutively to Count One and Count Three.

(c) First Degree Sexual Assault, WV Code §61-8B-3, as charged Count Three of the Indictment in Criminal Case No. 91-F-57 — a term of not less than Fifteen (15) nor more than Thirty-five (35) years to be served consecutively to Count One.

(d) Sexual Abuse of a Child by a Custodian, WV Code §61-8D-5, as charged in Count Four of the Indictment in Criminal Case No. 09-F-58 — a term of not less than Five (5) years nor more than Fifteen (15) years to be served consecutively to be served consecutively to Count One, Count Three and Count Two.

(e) First Degree Sexual Assault, WV Code §61-8B-3, as charged Count Five of the Indictment in Criminal Case No. 91-F-59 — a term of not less than Fifteen (15) nor more than Thirty-five (35) years to be served concurrently to Count One and Count Three.

(f) Sexual Abuse of a Child by a Custodian, WV Code §61-8D-5, as charged in Count Six of the Indictment in Criminal Case No. 09-F-60 — a term of not less than Five (5) years nor more than Fifteen (15) years to be served concurrently to Count One and Count Three to be served concurrently to Count Two and Count Four.

2.      Thus, Petitioner was initially sentenced on all six (6) counts cumulatively to not less than Forty (40) years nor more than One Hundred (100) years on all six felony convictions. [11]

3.      Following Petitioner's sentencing, Howard Ferris, Esquire, was appointed by this Court to represent him in order to perfect an Appeal upon these convictions and sentences to the West Virginia Supreme Court of Appeals; such Appeal having been filed on September 3, 1992, and Writ of Certiorari subsequently denied by that Court on February 4, 1993.

4.      With Robert C. Gorey, Jr., serving as counsel, the Petitioner subsequently petitioned the trial court (See FN 4 *supra*) and was re-sentenced in proceedings before the Honorable John L. Waters on September 11, 1996, to-wit: a term of not less than Fifteen (15) years nor more than Twenty-five (25) years, on each Felony Count of First

---

[11] Petitioner was originally arrested on these felony charges on July 19, 1991; a Taylor County Grand July was convened on September 9, 1991, wherein a True Bill was returned with the Petitioner being indicted concerning the aforementioned felony counts ; Petitioner was arraigned on such felony charges on September 11, 1991; Jury Selection was completed on September 23, 1991.

Degree Sexual Assault with the same imposition of consecutiveness and concurrency; to a term of not less than Five (5) years nor more than Ten (10) years on each Felony Count of Sexual Abuse of a Child by a Custodian with the same imposition of consecutiveness and concurrency; and, thereby, re-sentenced cumulatively to not less than Forty (40) years nor more than Seventy (70) years on all six felony counts.

5.     Petitioner's original *pro se* Petition herein advances seven (7) specific grounds or assignments of error upon which Habeas Corpus relief should be granted, to-wit:

( I )    *"CONVICTION OBTAINED BY A VIOLATION OF THE PRIVILEGE AGAINST SELF-INCRIMINATION AND BY A USE OF A COERCED CONFESSIONS* [sic], *IN VIOLATION OF WV CONSTITUTION, ARTICLE III, §5, §10, §14, US CONSTITUTION AMENDMENT 5, 6 & 14"*
[containing sixteen (16) specific points of reference with Summary]

( II )    *"VIOLATION OF THE PRINCIPLE AGAINST MULTIPLICITY UNDER THE DOUBLE JEOPARDY CLAUSE IN VIOLATION OF WV CONSTITUTION, ARTICLE III, §5 AND US CONSTITUTION AMENDMENT 5"*
[containing one (1) specific point of reference with Summary]

( III )    *"PETITIONER'S DUE PROCESS RIGHTS PURSUANT TO WV CONSTITUTION, ARTICLE III §10 AND US CONSTITUTION AMENDMENTS 5 & 14 WERE VIOLATED BY TRIAL COURT'S 'ABUSE OF DISCRETION' PER ITS NONCOMPLIANCE WITH W.V.R.E & FED. R. EVID. IN ALLOWING PROSECUTION'S WITNESS TO TESTIFY AS AN 'EXPERT,'* [sic] *FOLLOWED BY THE ADMISSION OF EXPERT WITNESS' TESTIMONY OVER OBJECTION OF PETITIONER'S COUNSEL"*
[containing two (2) specific points of reference with Summary]

( IV )    *"PROSECUTOR'S EXPERT WITNESS' TESTIMONY FOCUSED ON A 'FACT NOT IN EVIDENCE,'* [sic] *& PROSECUTOR'S EXPERT WITNESS'* [sic] *FAILED TO BE RELIABLE IN HIS 'SCIENTIFIC KNOWLEDGE' BASE, THEREBY VIOLATING DUE PROCESS, AND DENYING THE PETITIONER A FUNDAMENTALLY FAIR TRIAL"*
[containing three (3) specific points of reference with Summary]

( V ) *"PROSECUTORIAL MISCONDUCT: THE PROSECUTOR MADE IMPROPER COMMENTS DURING OPENING STATEMENT AND CLOSING ARGUMENTS, VIOLATING THE US CONSTITUTION, THE WV CONSTITUTION, FEDERAL AND STATE STATURES, AND FEDERAL AND STATE CASE LAW, FOR THE PURPOSE OF CONFUSING THE ISSUES AND INFLAMING THE EMOTIONS OF THE JURY IN VIOLATION OF DUE PROCESS, DENYING THE PETITIONER A FUNDAMENTALLY FAIR TRIAL"*
[containing seven (7) specific points of reference with Summary]

( VI ) *"PETITIONER'S RIGHTS PURSUANT TO WV CONSTITUTION ARTICLE III §5 & §10 AND US CONSTITUTION AMENDMENT [sic] 5, 6 & 14, DENYING THE PETITIONER A FUNDAMENTALLY FAIR TRIAL"*
[containing three (3) specific points of reference with Summary]

( VII ) *"PETITIONER'S RIGHTS PURSUANT TO WV CONSTITUTION ARTICLE III §4, §5, §10 & §14 US CONSTITUTION AMENDMENT [sic] 5, 6 & 14 US CONSTITUTION ARTICLE I §9 & §10 WERE VIOLATED OR PERMITTED TO BE VIOLATED PER INEFFECTIVE ASISTANCE OF COUNSEL, PREVENTING THE PETITIONER FROM RECEIVING A FAIR AND IMPARTIAL TRIAL"*
[containing six (6) points of specific reference with Summary]

6.      Counsel for the Petitioner asserts four (4) points or arguments in her

Petition/Memo upon which relief could be granted, to-wit:

> *"POINT ONE: The Trial Court erred in handing down flawed evidentiary rulings, admitting into evidence the tape recorded statement or Petitioner taken by Rebecca Thayer in conjunction with the West Virginia State Police (among other irregularities in arrest), and denying an essential jury instruction that should have been followed in the course of all Trial and Pre-Trial proceedings."*

Accordingly, "Point One" appears to this Court to encompass Amended Losh Checklist

grounds nos. 15, 23, 41 and 42.

> *"POINT TWO: The Trial Court violated Canon 2A of the West Virginia code of Judicial Conduct by engaging in commentary that belied the Court's duty to impartiality."*

Accordingly, "Point Two" appears to this Court to encompass Amended Losh Checklist ground no. 43.

> "POINT THREE: The Prosecutor violated the Defendant's due process rights by suppressing information helpful to the Defense and by engaging in the use of prejudicial statement that commented on the Defendant's silence."

Accordingly, "Point Three" appears to this Court to encompass Amended Losh Checklist ground nos. 16 and 44.

> "POINT FOUR: Because the Defendant had no counsel during his interrogation, never received a copy of his indictment, had no witnesses called during the pendency of his Trial, never saw the Grand Jury transcript and never saw his Pre-Sentence Investigation Report, Petitioner's right to a competent practicing attorney from the Bar of this Court was denied. Such denial of effective assistance of counsel rendered the Petitioner's conviction void under the Constitution of the United States and the Constitution of the State of West Virginia. Counsel did not adequately prepare Defendant for the length of sentence he could receive were he convicted of all offenses charged."

Accordingly, "Point Four" appears to this Court to encompass Amended Lost Checklist ground nos. 11, 21, 29, 34, 37 and 51.

7. Therefore, the Petitioner's Amended Losh Checklist, which was filed with this Court and reviewed during the March 30, 2012, Omnibus Hearing identified for the record thirteen (13) of the overall fifty-four (54) specific grounds contained on such Checklist, for habeas corpus relief which the Petitioner had initialed and deemed applicable for this proceeding, to-wit:

(11) Denial of counsel;

(15) Coerced confessions;

(16)  Suppression of helpful evidence by prosecutor;

(21)  Ineffective assistance of counsel;

(23)  Irregularities in arrest;

(29)  Failure to provide copy of Indictment;

(34)  Refusal to subpoena witness;

(37)  Non-disclosure of Grand Jury minutes;

(41)  Constitutional errors in evidentiary rulings;

(42)  Instruction to Jury;

(43)  Claims of prejudicial statements by Jury Trial; [12]

(44)  Claims of prejudicial statements by the Prosecutor; and

(51)  Excessive sentence

8.  The remaining forty-one (41) grounds for habeas corpus relief contained in such Amended Losh Checklist are initialed by the Petitioner as being inapplicable grounds for his present Petition with the understanding that by their being so designated that those grounds are waived by him and may not be raised again in State Court habeas corpus proceedings, except for those grounds within a narrow list of exceptions. Further, this waiver is confirmed by his "Certificate" and signature therein.

9.  Counsel for Petitioner proffered unto this Court, during the evidentiary Omnibus Hearing, as reflected in the transcript, that:

(a)  The aforementioned presiding judge for the original trial in this matter, the Honorable John L. Waters, is now deceased and was thereby unavailable to be

---

[12] The Amended Losh Checklist utilized in the 19th Judicial Circuit - Taylor County mistakenly contained the term "Jury Trial" rather than "Trial Judges" for habeas corpus relief *Ground Number 43*.

personally interviewed as part of her investigation in this matter or to be called as a witness herein.

(b)     Counsel for Petitioner in the original criminal proceedings, Robert C. Gorey, Jr., Esquire, had been extensively interviewed by her as part of her investigation in this matter yet is also now deceased and thereby unavailable to be called as a witness herein.

(c)     The Prosecuting Attorney in the original criminal proceedings, Alan D. Moats, Esquire, is now the sitting Circuit Court Judge for the Nineteenth Judicial Circuit of the State of West Virginia and has previously recused himself from any further court proceedings involving the Petitioner.

(d)     Given the long passage of time and the attendant circumstances arising therefrom and after having extensively interviewed Messrs. Moats and Gorey, "the trial transcript is actually the most probative and most helpful piece of evidence" for this Court and that no witnesses were to be called other than for the Petitioner to "offer his perspective".

10.     Counsel for Respondent proffered unto this Court, during the evidentiary Omnibus Hearing and as reflected in the transcript that:

(a)     He had also spoken with Messrs. Moats and Gorey in regards to this habeas proceeding as well as previous proceedings held previously herein.

(b)     "This matter is in the folders" as to what is available for this Court's review and contained in "the transcripts of the trial and of all the proceedings that took place".

(c)     No witnesses would be called for this evidentiary hearing.

11.   The only testimony presented at this evidentiary hearing was that of the Petitioner, Jeffrey    K          , who upon direct and cross-examination spoke generally to this Court upon only two (2) grounds, to-wit:

(a)   Coerced confessions (*Losh* Checklist No. 15)

(b)   Ineffective assistance of counsel (*Losh* Checklist No. 21)

12.   The Petitioner, since his conviction in 1991 and original sentencing in 1992, has petitioned for appellate reviews and post-conviction habeas corpus petition reviews, all of which have either been denied or refused.

13.   Although originally asserted and not waived, the Petitioner offered no substantive evidence on the following Amended Losh Checklist grounds previously asserted and as such this Court finds that these grounds have been waived by him, to-wit:

(11)   Denial of counsel;

(16)   Suppression of helpful evidence by prosecutor;

(37)   Non-disclosure of Grand Jury minutes;

(44)   Claims of prejudicial statements by the Prosecutor; and

(51)   Excessive sentence

14.   As a result of all pleadings in this action, both *pro se* and with legal counsel, and upon a full and complete evidentiary Omnibus Hearing conducted herein, all Amended Lost Checklist grounds for relief have either been waived or asserted by the Petitioner.

15. The Amended Losh Checklist grounds [13] for relief thereby remaining for this Court to rule upon include, to-wit:

(15) Coerced confessions;

(21) Ineffective assistance of counsel;

(23) Irregularities in arrest;

(29) Failure to provide copy of Indictment;

(34) Refusal to subpoena witness;

(41) Constitutional errors in evidentiary rulings;

(42) Instruction to Jury; and

(43) Claims of prejudicial statements by Jury Trial.

16. This Court has afforded the Petitioner every meaningful opportunity to substantiate and fully develop any actionable basis upon which to grant habeas corpus relief, has thoroughly reviewed the Grand Jury proceedings transcript; the Arraignment, Plea and Trial transcript; and the Re-sentencing proceedings transcript as well as all documents, pleadings and all other filings contained in the Court file for this Habeas proceeding, prior Habeas proceedings, and the underlying Trial Court proceedings.

17. Original counsel for the Petitioner acted appropriately under an objective standard of reasonableness, under difficult circumstances, and any perceived

---

[13] This Court notes that, as a matter of prior record, many if not all of these grounds for relief have been previously presented to the Circuit Court of Taylor County, State of West Virginia, as well as presented to the West Virginia Supreme Court of Appeals in post-conviction, sentencing and re-sentencing proceedings, on appeal and upon prior petitions for extraordinary relief. Accordingly, upon the discretion of the Special Judge so appointed to these proceedings in applying applicable Habeas Corpus rules and code provisions, the Petitioner has been afforded a full and inclusive Habeas Corpus review upon this his third (emphasis added by this Court) *Petition For Writ of Habeas Corpus Ad Subjiciendum.*

deficiencies in his performance did not affect the outcome in the underlying criminal proceedings.

18.     Substitute appellant counsel for the Petitioner acted appropriately under an objective standard of reasonableness, under difficult circumstances, and any perceived deficiencies in his performance did not affect the outcome in the underlying criminal proceedings.

19.     Prior to the Honorable John L. Waters taking the bench as Circuit Court Judge for the 19th Judicial Circuit in January, 1985, he was in a professional partnership with Alan D. Moats.  That professional relationship terminated over six (6) years prior to the original prosecution of the Petitioner on the underlying felony convictions.  Such prior professional relationship had no inappropriate impact on the Petitioner's prosecution or conviction.

20.     The official trial transcript reflects that the Honorable John L. Waters addressed every proposed jury instruction submitted by Mr. Gorey as counsel for the Petitioner and made individual rulings thereon according to the Trial Court's discretion.

21.     This pending Petition is the fourth Habeas Corpus petition filed by the Petitioner since his original conviction and sentencing.  However, it is the first such petitioner to be afforded a full evidentiary, Omnibus Hearing.

## Conclusions of Law

1.      The applicable statutes for the issuance of a Writ of Habeas Corpus are West Viginia Code Section 53-4A-1, et seq.

2.      This Court concludes that, as a matter of prior record, the Amended Losh Checklist grounds asserted by the Petitioner for relief have been previously presented to varying extents by the Circuit Court of Taylor County, State of West Virginia, as well as presented to the West Virginia Supreme Court of Appeals in post-conviction, sentencing and re-sentencing proceedings, on appeal and upon prior petitions for extraordinary relief.

3.      Within the sound discretion of the Special Judge so appointed to these proceedings and out of an abundance of caution, the Petitioner has now been afforded a full and inclusive Habeas Corpus review upon this Petition pursuant to the applicable statutes and rules.

4.      This Court has concluded that the hearing conducted in this matter on March 30, 2012, was a full evidentiary Omnibus hearing.  Therefore, the Petitioner Jeffrey K        has now either waived or fully asserted all standard grounds and is prevented from asserting any of the standard grounds originally available to him as identified in the Amended Losh Checklist in any subsequent Petition for Writ of Habeas Corpus in State Court.

5. This Court notes that, to-wit:

> An omnibus hearing as contemplated in West Virginia Code 53-4A-1, et. seq., occurs when: (1) an applicant for a habeas corpus is represented by counsel or appears pro se, having knowingly and intelligently waived his right to counsel; (2) the trial court inquires as to all the standard grounds for habeas corpus relief; (3) a knowing and intelligent waiver of those grounds not asserted is made by the applicant upon advice of counsel unless he knowingly and intelligently waives his right; and (4) the trial court drafts a comprehensive order including findings on the merits on the issues addressed and a notation that the defendant was advised concerning his obligation to raise all grounds for post-conviction relief in one proceeding.

*Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981)

6. In applying such standard to the instant case, this Court further concludes that the Petitioner has been represented by counsel throughout these proceedings; he was cautioned by this Court at the outset of such hearing that any ground not raised therein would be deemed waived; his waiver of all other standard grounds not asserted and addressed during such hearing is implied due to his informed choice to not present any further evidence and/or proffer any evidence concerning such grounds for written habeas corpus relief; and that this present Order rules upon the merits of the remaining grounds presented at the Omnibus Hearing, the original Petition for Writ of Habeas Corpus Ad Subjiciendum filed by the Petitioner on August, 20, 2010, the Checklist of Grounds completed and executed by the Petitioner on November 12, 2010, an Amended Losh Checklist signed by the Petitioner and filed on October 17, 2011, and the Petition/Memo filed on October 19, 2011, by Petitioner's counsel.

7. As well established under West Virginia law, claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Stricklin v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674 (1984) and *State v. Miller*, 194 W.Va. 3,

359 S.E.2d 114 (1995). The first prong of the test is whether defense counsel's performance is deficient under an objective standard of reasonableness, and the second is whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Also see; *State v. Megan S.*, 222 W. Va. 729, 671 S.E.2d 734 (2008) and *State v. Woodson*, 222 W. Va. 607, 671 S.E.2d 438 (2008).

8.    The performance of Petitioner's defense counsel during his representation pre-trial, at trial, at sentencing and re-sentencing was not deficient under an objective standard of reasonableness and Mr. Gorey acted appropriately under very difficult circumstances. Alleged deficiencies in his performance are neither supported by the record nor rise to a sufficient level that could be concluded to have adversely affected or changed the ultimate outcome in the underlying criminal proceedings.

9.    The performance of Petitioner's substitute counsel on his original appeal taken before the West Virginia Supreme Court of Appeals was not deficient under an objective standard of reasonableness and Mr. Ferris acted appropriately in his representation thereon. Alleged deficiencies in his performance are neither supported by the record nor rise to a sufficient level that could be concluded to have adversely affected or changed the ultimate refusal of the appellate Court's review.

10.   Having reviewed the record in its entirety, there was no judicial misconduct found insofar that as a matter of record Circuit Court Judge John L. Waters exhibited no manifest bias or prejudice towards the Petitioner. Therefore, there was no impairment

as to the fairness of the Trial Court proceedings involving the Petitioner that could be concluded to support any existence of reversible error.

11. Having reviewed the record in its entirety, there was no prosecutorial misconduct found insofar that as a matter of record then Prosecuting Attorney Alan Moats. He exhibited no behavior which prejudiced or so polluted the investigation or trial court proceedings that, in essence, deprived the Petitioner of a fair trial that could be concluded to support any existence of reversible error.

12. "In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." Syl. Pt. 6, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). This Court concludes that, under the totality of circumstances and as a matter of record, Mr. Gorey's actions as defense counsel and Mr. Ferris' actions as appellate counsel were not unreasonable.

13. Our West Virginia Supreme Court of Appeals has stated:

> A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an

appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

Syl. Pt. 3, in part, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995).

14. " ' "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. pt. 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982).' Syl. Pt. 2, *State v. Farmer,* 193 W.Va. 84, 454 S.E.2d 378 (1994)." Syl. Pt. 4, *State v. Murrell,* 201 W.Va. 648, 499 S.E.2d 870 (1997). This Court concludes that the sentences imposed upon Mr. K᾽ for the underlying felony convictions were within statutory limits and not based on some impermissible factor.

15. In further addressing each of these remaining grounds for habeas relief as specifically stated in Findings of Fact Item No. 15 hereinabove, to-wit:

(a) Coerced confessions

The statements given by the Petitioner Jeffrey ᾽ K᾽ to parties investigating the original charges in this matter were voluntary and not compelled to be given in light of the totality of circumstances surrounding them; that he was informed of and aware of his rights; and the Proposed Defense Counsel's Jury Instructions #10, #11, #12 and #15 were properly refused by the Trial Court as either not being supported by the evidence or being a question of law determined by the Court. Accordingly, there was no reversible error or violation of Petitioner's applicable constitutional rights to support granting the requested Writ herein. Also see Conclusion 15(c) *infra.*

(b)   <u>Ineffective assistance of counsel</u>

See preceding Findings of Fact and Conclusions of Law applicable.  This Court concludes that there was no ineffective assistance of appointed counsel with regard to the Petitioner as it pertains to Mr. Gorey and Mr. Ferris and, as such there is no basis for granting the requested Writ herein.

(c)   <u>Irregularities in arrest</u>

Mentioned in the Petition/Memo filed on behalf of the Petitioner in *Point One* as "(among other irregularities in arrest)", this ground is asserted as to the inextricably interwoven investigatory scenario that took place on July 19, 1991, during which the Petitioner gave multiple statements, both verbal and written before and after having been verbally "Mirandized" and all prior to actually being placed under arrest.  Together with the alleged anomalies asserted, this Court concludes that there were no irregularities in the Petitioner's arrest such that would form an uncontroverted basis for voiding his conviction and sentencing by granting the requested Writ herein.  Also see Conclusion 15(a) *supra*.

(d)   <u>Failure to provide copy of Indictment</u>

The record reflects that the Petitioner was arraigned in open court on September 11, 1991, with his legal counsel present as well, at which time the Trial Court  Judge instructed the Circuit Clerk to read the Indictment in open court with the Petitioner present and in the presence of his counsel.  Although the record does not specifically reflect whether or not the Petitioner was given a copy of said Indictment, it was proffered to this Court at the Omnibus Hearing by both counsel for the Petitioner and counsel for the Respondent that the usual and customary (aka "standard operating")

procedure whereby a copy of an Indictment was provided for and/or made available to a defendant. Further, The Petitioner gave sworn testimony at the Omnibus Hearing on cross-examination when asked, "Do you recall the day that you were arraigned?". His response was "Vaguely". That the Petitioner does not remember receiving or reviewing a copy of his Indictment is not sufficient for this Court to conclude there was a failure to provide a copy of such Indictment to him and that such is sufficient for granting a Writ upon his Habeas Petition.

(e)     Refusal to subpoena witness

See preceding Findings of Fact and Conclusions of Law applicable. This Court concludes that defense counsel not having subpoenaed any witness, medical or otherwise, to testify on the Petitioner's behalf, given the totality of the circumstances and the evidentiary record of the prosecution, did not adversely affect or change the ultimate outcome in the underlying criminal proceedings sufficient for granting a Writ upon his Habeas Petition.

(f)     Constitutional errors in evidentiary rulings

See applicable Findings of Fact and Conclusions of Law *supra*. This Court concludes that there was neither violation of any constitutional right, privilege or principle nor a denial of any due process right or fundamental fairness doctrine as to the Petitioner's prior court proceedings below which resulted in his ultimate conviction and present sentencing which he is now serving. Therefore, there is nothing sufficient upon this ground for granting a Writ upon his Habeas Petition.

(g) <u>Instruction to Jury</u>

This Court concludes that the Trial Court's refusal of an instruction proffered by Petitioner's trial counsel, as to the admissibility of confessions, was within that court's discretion. Further, the Trial Court 's *Charge To The Jury By The Court* specifically included an amended Defendant's Instruction No. 13, to-wit:

> *You cannot convict a defendant in a criminal case on the basis of a confession alone. Rather, before a conviction can be had, the State must prove beyond a reasonable doubt that the confession is corroborated or supported in a material and substantial way by other evidence. The corroborating evidence does not have to be in and of itself conclusive, but it must be substantial and not simply incidental.*

(See Official Trial Transcript @ page 176)

(h) <u>Claims of prejudicial statements by Jury Trial</u>

This Court concludes that the Honorable John L. Waters, while presiding as Judge upon the trial of the Petitioner for the underlying felony charges, made no prejudicial statements in open court, upon the record and/or before the jury so convened to render judgment. Further, the Trial Court's Charge also specifically included Judge Waters charging the jury as to his presiding over such trial, to-wit:

> *Nothing I have said or done at any time during the trial is to be considered by you as evidence of any fact or as indicating any opinion concerning any fact, the credibility of any witness, the weight of any evidence or the guilt or innocence of the defendant.*

16. It is also concluded that Judge Waters and Prosecuting Attorney Moats' past professional relationship as practicing attorneys-at-law, having ended over six (6) years prior to the commencement of the Petitioner's underlying criminal proceedings herein, had no prejudicial impact whatsoever upon him or deny him of a fair trial which

culminated in his ultimate conviction and sentencing; did not give any appearance of professional or judicial impropriety on the Trial Court; and did not require any formal disclosure to the Petitioner pursuant to any ethical rule, canon or code of judicial conduct.

17.  This Court finally concludes that it's ruling herein additionally and specifically addresses both State and Federal rights asserted by the Petitioner in his original *pro se* Petition and in the Petition/Memo filed on his behalf by his counsel, to-wit:

   (a) West Virginia Constitution, Article III, Sections 4, 5, 10, 14;

   (b) United States Constitution, Amendment Nos. 5, 6, 14; and

   (c) United States Constitution, Article 1, Sections 9 and 10.

18.  There were plea bargain negotiations between then Prosecuting Attorney Moats and Petitioner's trial counsel Gorey which took place prior to the underlying felony charges being presented to the convened Taylor County grand jury.  The subsequent failure of such negotiations to culminate in an agreement the Petitioner perceived to be greatly advantageous to him, in light of the ultimate sentences handed down upon his convictions is not a sufficient basis or ground for granting the Petitioner a Writ of Habeas Corpus.  This Court further concludes that any such failure was not a result of ineffective assistance of Petitioner's trial counsel.

## Summation

This Final Order is a comprehensive order being entered by this Court pursuant to and in accordance with *West Virginia Code Section 53-4A-7(c)* and Rule 9(c) of the *West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings.*

This Court finds and concludes that nothing contained in the record presently before it pertaining to the Petitioner's underlying criminal proceedings that culminated in his present criminal convictions and sentencing skewed the fundamental fairness or basic integrity of the proceedings in any respect so as to necessitate habeas relief. As such, these prior proceedings did not result in a miscarriage of justice.

## Ruling

Accordingly, this Court hereby **ORDERS** that the Petitioner Jeffrey K.          's *Petition For Writ of Habeas Corpus Ad Subjiciendum* is **DENIED**.

**IT IS SO ORDERED.**

In light of such motion being denied, this Court, *sua sponte*, **GRANTS** the Petitioner Jeffrey          K          an objection and exception to this ruling.

Finally, it is **ORDERED** that the Clerk of this Court shall mail and/or otherwise provide certified copies of this Order to the following:

Allison C. Iapalucci, Esquire
Mountaineer Legal Services, PLLC
241 West Main Street
Post Office Box 654
Grafton, WV 26354
*Counsel for Petitioner/Defendant*

John L. Bord, Prosecuting Attorney
Taylor County, West Virginia
Taylor County Courthouse
214 West Main Street
Grafton, WV 26354
*Counsel for Respondent*

Jeffrey          K          #18704
Mount Olive Correctional Complex
1 Mountainside Way
Mount Olive, WV 28185
*Petitioner/Defendant*

ENTERED this 30th day of May, 2012.

A TRUE COPY FROM THE RECORD

ATTEST: VONDA M. RENEMAN
CLERK OF THE CIRCUIT COURT OF TAYLOR
COUNTY, WEST VIRGINIA

BY: _____

THOMAS H. KEADLE, Judge
Twenty-Sixth Judicial Circuit

Page 29 of 29